**SUPERIOR COURT OF THE STATE OF WASHINGTON**

**COUNTY OF KING**

| | |
|---|---|
| K'MISHA A. DIVENS and BRAYDEN REEVES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 25-2-38539-6<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Plaintiffs K'MISHA A. DIVENS and BRAYDEN REEVES ("Plaintiffs"), by and through the undersigned attorneys, individually and on behalf of all others similarly situated, allege as follows:

## NATURE OF THE ACTION

1. This is a proposed wage-and-hour class action brought under the Washington Industrial Welfare Act ("IWA") and the Washington Minimum Wage Act ("WMWA") seeking damages for Defendants' failure to provide and pay for legally required meal and rest breaks; failure to compensate employees for all hours worked due to off-the-clock work; failure to pay proper overtime wages; and failure to pay properly calculated sick leave.

## JURISDICTION & VENUE

2. This Court has jurisdiction under RCW 2.08.010 because Plaintiffs seek damages in excess of three hundred dollars.

3. Venue is proper in King County, pursuant to RCW 4.12.025(1)(a)-(c), (3)(b), because Defendants reside in King County, Washington, Defendants transact business in King County, and Defendants employed at least some of the Class Members to work in the State of Washington and King County.

## THE PARTIES

4. Plaintiffs are, and at all relevant times, were individuals domiciled in the State of Washington and citizens of the State of Washington.

5. Plaintiff K'MISHA A. DIVENS ("Plaintiff Divens") worked for Defendants as a non-exempt, hourly-paid, employee, in a sales position, from approximately July 2024 to September 2025.

6. Plaintiff BRAYDEN REEVES ("Plaintiff Reeves") worked for Defendants as a non-exempt, hourly-paid, employee, with a job title of beauty advisor and/or a similar job title/position from approximately April 2023 through July 2023.

7. Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. is a Delaware



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

company doing business in the State of Washington.

8. Defendants own, operate, manage, and/or staff employees to work at various beauty retail stores and salon service locations and/or other facilities in Washington State. Defendants provide beauty retail and salon services to customers throughout Washington State and beyond. Defendants operate business under various names, including but not limited to "Ulta Salon, Cosmetics and Fragrance, Inc.," "Ulta Beauty," and/or "Ulta." Through their business operations and retail locations, Defendants operate a national beauty retail chain with approximately 37 store locations throughout Washington State and over 10,000 employees nationwide.

9. Additional individuals, known to Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. but not yet identified by Plaintiffs (and identified herein as Does 1-20) manage employees on behalf of ULTA SALON, COSMETICS & FRAGRANCE, INC. and are statutory employers under Washington law because of their managerial role with the company.

**CLASS ALLEGATIONS**

10. Plaintiffs bring this action on behalf of Plaintiffs, and all others similarly situated as a proposed class action pursuant to CR 23. The Class that Plaintiffs seek to represent is defined as follows:

> Class Members: All current and former hourly-paid employees who worked for any one or more of the Defendants at any location in Washington State at any time from three years prior to the filing of the Complaint through the date of the Court's order certifying the Class ("Class Period").

11. Plaintiffs reserve the right to amend or modify the class description with greater specificity, by division into further subclasses, or by limitation to particular issues.

12. There are at least one hundred current and former hourly-paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Washington wage and hour laws and regulations regarding the payment of missed and/or interrupted rest periods and



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

late, missed, and/or interrupted first meal periods, and the underpayment of wages and all owed sick leave pay, the members of the Class are so numerous that joinder of all members is impractical.

13. Plaintiffs' claims are typical of the claims of the Class Members because (1) Plaintiffs are each a member of the putative class; (2) Plaintiffs' claims stem from the same practice or course of conduct that form the basis of the Class claims; (3) All of the Class claims are based on the same facts and legal theories; (4) The injuries that Plaintiffs suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

14. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflict of interest with any Class Member. Plaintiffs have retained competent and experienced counsel in complex class action litigation. Plaintiffs' counsel has the expertise and financial resources to adequately represent the interests of the Class.

15. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiffs and Class Members are the following:

a. Whether Defendants violated WAC 296-126-092 by failing to provide statutory meal periods and rest periods, and failing to compensate Plaintiffs and Class Members for missed and/or otherwise noncompliant rest periods and late, missed, interrupted and/or otherwise noncompliant meal periods, as well as the lost opportunity to have the respite of a meal and/or rest period;

b. Whether Defendants have an official or unofficial policy, custom, pattern, and practice of understaffing its locations and permitting or requiring Plaintiffs and Class Members to work through meal and/or rest periods, have interrupted meal and/or rest periods, or have



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

untimely meal and/or rest periods;

c. Whether Defendants maintained an adequate system for scheduling Plaintiffs' and Class Members' rest periods;

d. Whether Defendants maintained an adequate system for ensuring that Plaintiffs and Class Members could take timely meal and/or rest periods;

e. Whether Defendants maintained an adequate system to record missed, late, interrupted and/or otherwise noncompliant meal and/or rest periods;

f. Whether Defendants have insufficient record-keeping on a systemic level;

g. Whether Defendants' violations of wage and hour laws were willful and are, therefore, liable for double damages under 49.52.070;

h. Whether Defendants violated RCW 49.46.130 by failing to pay Class Members for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over 40 hours per week, inclusive of hours worked when working through their meal and/or rest breaks and/or for the meal and/or rest periods that were not provided or interrupted;

i. Whether Defendants violated RCW 49.46.210 by failing to furnish all owed paid sick leave at the correct rate of pay;

j. Plaintiffs anticipate that Defendants' defenses will also raise common questions of law and fact; and

k. The nature and extent of class-wide damages and the measure of damages for the Class.

16. Class action treatment is superior to any alternative to ensure the fair and efficient



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort, or expense that numerous individuals would otherwise entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

17. Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

18. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## FACTUAL BACKGROUND

19. During the Class Period, Plaintiffs and each of the Class Members worked for Defendants in the State of Washington.

20. Defendants assigned Plaintiff Divens to work at one of their Ulta Beauty store locations in Lacey, Washington.

21. Defendants assigned Plaintiff Reeves to work at one of their Ulta Beauty store locations in Lake Stevens, Washington.

22. Throughout Plaintiff Divens' employment, Plaintiff Divens typically worked shifts lasting more than five (5) hours. At times, Plaintiff Divens worked more than forty hours in a workweek.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

23. Throughout Plaintiff Reeves' employment, Plaintiff Reeves typically worked shifts lasting more than five (5) hours.

24. Plaintiff Divens was compensated with a base hourly rate that began at approximately $27.00 per hour in July 2024. Plaintiff Divens' hourly rate increased to approximately $27.55 per hour effective in March 2025; to approximately $28.00 per hour effective April 2025; and to approximately $29.93 per hour effective June 2025. In addition to Plaintiff Divens' hourly compensation, Plaintiff Divens periodically earned non-discretionary bonus/incentive compensation.

25. Plaintiff Reeves was compensated with a base hourly rate of approximately $18.80 per hour throughout the entirety of employment from in or around April 2023 through in or around July 2023.

**Meal and Rest Period Violations**

26. Washington law demands that employees be allowed a meal period of at least thirty minutes that starts no less than two hours nor more than five hours from the beginning of the shift and prohibits any employee from being required to work more than five consecutive hours without or between meal periods. Washington law also requires a 10-minute rest break every four hours. WAC 296-126-092(1)–(4).

27. Defendants routinely failed to provide compliant meal and rest periods for employees in Washington State. Hourly employees, including Plaintiffs, often worked through required breaks, were forced to take them late, or were not given them at all.

28. Additionally, Class Members were sometimes completed off-the-clock work prior to their scheduled shift time which Defendants failed to take into account when scheduling meal periods. For example, at times, Class Members were required to respond to work-related communications prior to their scheduled shift times which Defendants failed to take into account when scheduling meal periods.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

29. Plaintiffs and Class Members were also sometimes required to work during meal breaks. For example, Plaintiff Divens was frequently required to work during her meal breaks due to lack of coverage.

30. In particular, Defendants enforced a policy requiring at least one manager to be present in the store and actively on duty at all times. Since Plaintiff Divens was a sales manager, that meant that she could not take a break unless there was another manager present and available to cover for her. Plaintiff Divens was explicitly told by her supervisor(s) on multiple occasions that she was not allowed to take a meal period if she was the only manager present at the store. For instance, Plaintiff's supervisor Jacqueline Courtney instructed her by text message on April 17, 2025 that she was not to take a meal period at all on a day when she was the only manager at the store. Plaintiff's other supervisors, Dagbjort Barringer and Kristen, also verbally reinforced the message that Plaintiff Divens could not take breaks at times when she was the only manager at the store.

31. For most of her employment, Plaintiff Divens was unable to take a meal period on at least a once-weekly basis due to lack of manager coverage. The frequency of missed meal periods increased during May and June of 2025, during which Plaintiff Divens was unable to take a meal period on at least a twice-weekly basis due to lack of manager coverage.

32. Defendants' policy of requiring one on-duty manager at all times resulted in many missed, late, shortened, interrupted, and otherwise noncompliant meal periods for Plaintiff Divens. Based on her best recollection, dates when Plaintiff Divens was unable to take a compliant meal period due to lack of coverage include but are not limited to: September 3, 2024; April 17, 2025; May 1, 2025; May 2, 2025; May 15, 2025; and June 10, 2025.

33. Plaintiff was often unable to take rest periods for the same reason she was often unable to take meal periods. She was not allowed to take an off-duty break at times when she was the only manager present at the store, which happened frequently. Based on her best recollection, dates when Plaintiff Divens was unable to take one or more compliant rest periods due to lack of



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

coverage include but are not limited to: September 3, 2024; April 17, 2025; May 1, 2025; May 2, 2025; May 15, 2025; and June 10, 2025.

34. Plaintiff Divens complained to her managers about missing her meal and rest periods on many occasions, including on or around November 4, 2024. On or around June 10, 2025, Plaintiff Divens found out she was pregnant and informed her supervisors of such. At that time, and frequently thereafter, Plaintiff Divens expressed to her managers that it was especially important for her to receive compliant meal periods while pregnant. In spite of her complaints, Plaintiff Divens continued being prohibited from taking a meal or rest period at times when she was the only manager present at the store. She continued to frequently be unable to take her meal and rest periods due to lack of coverage.

35. Despite the fact that Plaintiff Divens was routinely unable to take meal and rest periods and complained to management regarding this issue on many occasions, Plaintiff never received premium wages for missed meal or rest periods.

36. Plaintiff Reeves was also required to work during meal breaks. For example, Plaintiff Reeves' meal periods were frequently interrupted and/or Plaintiff Reeves was required to return to work before thirty (30) minutes had elapsed due to the need to complete assigned job duties. For instance, Plaintiff Reeves was often interrupted during unpaid meal periods and required to return to the sales floor to help a customer, resulting in consistently denied meal periods.

37. Specifically, Plaintiff Reeves was required to carry a walkie-talkie at all times when he was present at the store, even while on break. This requirement was communicated to Plaintiff Reeves during his onboarding in April of 2023. Plaintiff Reeves' managers used the walkie-talkie system to communicate to all staff throughout the day, which forcibly interrupted Plaintiff Reeves' meal and rest periods multiple times a week throughout his employment. Even when a walkie-talkie communication was not specifically directed at Plaintiff Reeves, he had to listen to the communication to ensure he was not being summoned. In addition, Plaintiff Reeves' managers



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

often used the walkie-talkie system to specifically call him back to the floor to assist a customer or otherwise complete job duties. On those occasions, Plaintiff Reeves' meal and rest periods were cut short.

38. Based on his best recollection, dates when Plaintiff Reeves was unable to take a compliant meal period due to interruptions from his managers through the walkie-talkie include but are not limited to: April 10, 2023; April 6, 2023; April 14, 2023; May 24, 2023; and June 9, 2023. Based on his best recollection, dates when Plaintiff Reeves was unable to take a compliant rest period due to interruptions from his managers through the walkie-talkie including but are not limited to: July 10 and July 11, 2023. There were also many days when Plaintiff Reeves was unable to take rest periods at all due to the demands of his work assignments, which (to the best of Plaintiff Reeves' recollection) occurred on or around May 24, 2023, among other dates.

39. On at least one occasion, Plaintiff Reeves complained to his managers about interruptions to his meal and rest periods. Based on his best recollection, Plaintiff and a colleague commiserated about not receiving compliant breaks on or around May 22, 2023. Directly after the conversation with his colleague, Plaintiff politely brought this problem up with one of his managers. The manager responded with a sarcastic remark to the effect of "yeah, right." Thereafter, in spite of his complaint, Plaintiff Reeves continued frequently being unable to take compliant meal and rest periods.

40. Defendants did not compensate Plaintiffs and Class Members with an additional thirty minutes of work time for instances in which they were not provided required, timely 30-minute uninterrupted meal periods.

41. Plaintiffs and other Class Members were also at times denied required rest periods because they were required to work through part or all of their rest periods, take late rest periods or take rest periods that were shorter than ten minutes long.

42. For example, Plaintiff Divens was frequently required to work through owed rest periods due to lack of relief workers and/or other need to complete assigned job duties.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

43. Similarly, Plaintiff Reeves was required to work during owed rest periods. For example, Plaintiff Reeves was frequently denied legally compliant rest periods due to the need to complete assigned job duties including but not limited to, having to assist customers on the sales floor. More than half of Plaintiff Reeves' owed rest breaks were worked through, cut short and/or on duty due to the need to complete assigned job duties.

44. Defendants failed to compensate Plaintiffs for each missed or otherwise legally noncompliant rest period.

45. Defendants had no policy or practice to accurately schedule meal or rest periods, to allow Plaintiffs and Class Members to record their missed or otherwise noncompliant meal and rest periods, or to compensate for missed rest and meal breaks.

46. Defendants' violations were willful and not a result of inadvertence or carelessness.

47. There was no bona fide dispute regarding the payment of wages.

**Failure to Pay Minimum and Overtime Wages**

48. Failure to Compensate Off-the-Clock Work: Defendants required Plaintiffs and other Class Members to complete work tasks before clocking in for the start of their shifts, during unpaid meal periods and/or after clocking out for the end of shifts, resulting in off-the-clock work and the underpayment of wages owed. For example, Plaintiff Divens was frequently required to respond to work-related calls/messages before clocking in for the start of shifts, after clocking out for the end of shifts and/or otherwise outside of scheduled shift times, resulting in Defendants' failure to compensate Plaintiff Divens for all hours worked and the underpayment of wages owed.

49. Based on her best recollection, dates when Plaintiff Divens was required to respond to work-related phone calls or text messages before clocking in or after clocking out include but are not limited to: March 9, 2025; and September 1, 2025.

50. Plaintiff Divens complained to management on many occasions regarding work that she performed off the clock and asked how to request compensation for that time, but management never provided her a mechanism for requesting compensation.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

51. Similarly, Plaintiff Reeves was required to complete off-the-clock work. For example, frequently, Plaintiff Reeves was required to complete work tasks after clocking out for the end of his shifts, resulting in Defendants' failure to compensate Plaintiff Reeves for all hours worked and the underpayment of wages owed. At times, Plaintiff Reeves was interrupted during unpaid meal periods, resulting in additional off-the-clock work and the underpayment of wages owed.

52. Specifically, Plaintiff Reeves' managers required him to clock out at the precise time his shift was scheduled to end but still required him to finish a task that was already in progress, such as putting away merchandise, after he had already clocked out. Plaintiff Reeves estimates that this occurred about once a week throughout his employment, resulting in about five minutes of off-the-clock work each time.

53. In addition, on several occasions, Plaintiff was required to work for a longer period off the clock. This happened whenever there was a special brand event, which occurred approximately four times over the course of Plaintiff's employment. On the day preceding a brand event, Plaintiff was required to stay late to help create a special store display, but was required to clock out before working on the display, resulting in up to 45 minutes of unpaid work time. For instance, there was a brand event related to the live-action Little Mermaid that occurred on or around May 24, 2023. On the prior day, Plaintiff was required to stay and help set up a Little Mermaid display for about 45 minutes after he had already clocked out.

54. <u>Failure to Pay Overtime</u>: Additionally, because of off-the-clock work and the improper timekeeping as to the beginning and end of meal periods, Plaintiff Divens and other Class Members at times worked more than forty hours per week for which they were not paid overtime compensation.

**Failure to Pay All Sick Leave**

55. Defendants failed to properly accrue all owed sick leave by failing to incorporate all non-discretionary compensation when calculating the owed sick leave pay, thereby



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

miscalculating and underpaying all owed sick leave pay. For example, Defendants' wage statements for Plaintiff Divens for including but not limited to, the pay period beginning April 20, 2025 show that Defendants failed to incorporate all non-discretionary compensation into the base rate of pay when calculating the owed sick time pay, resulting in the miscalculation and underpayment of sick time wages.

56. Defendants further failed to provide Plaintiff Divens with notice of rights under state law, including but not limited to notice regarding the amount of paid sick leave available and the proper rate of accrual.

57. At times, Defendants failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiffs and other Class Members as required by RCW 49.46.070.

## FIRST CAUSE OF ACTION

**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiffs and Class Members**

58. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

59. Under *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 847–51 (2002), RCW 49.12 creates an implied cause of action for unpaid wages, including wages owed under duly promulgated regulations.

60. WAC 296-126-092(1) requires that employees receive a 30-minute meal period commencing no sooner than the second hour and no later than the fifth hour of the shift, and that no employee may work more than five consecutive hours without a meal period. Meal periods must be on the employer's time if the employee is required to remain on duty or on the premises.

61. WAC 296-126-092(4) requires that employees receive a 10-minute paid rest break for each four hours of work, scheduled as near as possible to the midpoint of the work period, and prohibits requiring employees to work more than three consecutive hours without a rest break.


**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

62. "On the employer's time" means rest breaks are compensable. *Wingert*, 146 Wn.2d at 847–51. Washington courts have further held that employers must pay for missed meal periods, *Pellino v. Brink's Inc.*, 164 Wn. App. 668, 690–93 (2011), and for missed rest breaks*, Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 415 P.3d 224, 230–31 (Wash. 2018).

63. Most recently, the Washington Supreme Court confirmed that the Industrial Welfare Act grants employees not only the right to a 30-minute meal break but also a distinct remedy for its deprivation: "30 minutes of wages is an appropriate measure of damages for such a deprivation." *Androkitis v. Virginia Mason*, 556 P.3d 714, 722 (2024). Similarly, employees are entitled to unpaid straight or overtime pay—as appropriate depending on the total number of hours—when they do not receive paid rest breaks. *Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 287 P.3d 516, 520 (2012).

64. Defendants failed to provide Plaintiffs and Class Members with rest periods at required times and 30-minute uninterrupted meal breaks no later than the fifth hour of their shifts.

65. Defendants failed to compensate Plaintiffs for these missed or otherwise legally noncompliant meal and rest periods.

66. Defendants maintained no policy or practice to ensure actual 30-minute breaks were taken for meals. Based on information and belief, at times, Defendants engaged in unauthorized time editing / time shaving and/or deducted at least thirty (30) minutes per shift for meal periods that were less than a full thirty minutes and/or otherwise noncompliant.

67. As a direct and proximate result of Defendants' violations and its willful intent to deprive Plaintiffs and Class Members of all owed wages for all missed or otherwise noncompliant meal period and rest periods, Defendants deprived Plaintiffs and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**RCW 49.46 et seq.**
**On Behalf of Plaintiffs and Class Members**



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

68. Plaintiffs re-allege and incorporate by reference all allegations set forth in the preceding paragraphs.

69. Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("WMWA"), RCW 49.46 et seq. If an employer fails to do so, the statute requires payment of the full amount of wages owed at the minimum wage rate, less any amounts already paid.

70. Defendants failed to pay Plaintiffs and Class Members for all hours worked.

71. Defendants engaged in a common course of failing to provide Plaintiffs and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break.

72. Additionally, Defendants required Plaintiffs and Class Members to complete off-the-clock work tasks, resulting in Defendants' failure to compensate Plaintiffs and Class Members for all work time.

73. As a result of Defendants' unlawful acts, Plaintiffs and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46, are entitled to recover such amounts, including exemplary damages, interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**On Behalf of Plaintiff Divens and Class Members**

74. Plaintiffs re-allege and incorporates by reference all allegations set forth in the preceding paragraphs.

75. The WMWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

76. The WMWA entitles employees to "compensation for regular hours worked and



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

for any overtime hours worked." *Stevens,* 162 Wn.2d at 47. "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *Id*. (citing WAC 296-0126-002(8)).

77. As set forth above, during workweeks in which Plaintiff Divens and Class Members worked more than forty hours, inclusive of both hours worked when working through or during their breaks or for meal and rest periods that were not provided and any additional labor time owed for missed breaks, Defendants violated WMWA by failing to pay Plaintiff Divens and the Class Members at the overtime rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 in such workweeks. *Wash. State Nurses Ass'n*, 175 Wn.2d at 832.

78. Based on information and belief, at times, Defendants also failed to incorporate all non-discretionary compensation into the regular rate of pay for purposes of calculating the owed overtime rates of pay, resulting in the miscalculation of the owed overtime rates and the underpayment of overtime wages owed.

79. As a direct and proximate result of Defendants' violations and its willful intent to deprive Plaintiff Divens and Class Members of overtime wages owed, Defendants deprived Plaintiff Divens and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorney's fees, and costs.

## FOURTH CAUSE OF ACTION
**Violation of RCW 49.46.210**
**On Behalf of Plaintiff Divens and Class Members**

80. Plaintiffs re-allege and incorporate by reference all allegations set forth in the preceding paragraphs.

81. Defendants' failure to provide all owed paid sick leave to Plaintiff Divens and other Class Members constitutes a violation of RCW 49.46.210.

82. As a result of Defendants' unlawful acts, Plaintiff Divens and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

49.46.090, are entitled to recover such amounts, including interest thereon, attorney's fees, and costs.

**PRAYER FOR RELIEF**

Wherefore Plaintiffs, on behalf of Plaintiffs and Class Members, prays for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class periods defined above;

B. An award of damages to Plaintiffs and Class Members in the amount of their missed and unpaid meal period and rest period wages, unpaid wages, including unpaid overtime wages for hours worked over 40 hours in a week;

C. Exemplary damages in amounts equal to double the wages due to Plaintiffs and Members of the Class pursuant to RCW 49.52.070 for any time during the Class Period;

D. Attorneys' fees and costs, as allowed by law, including RCW 49.46.090(1) and 49.48.030, and 49.52.070;

E. Prejudgment interest; and

F. All other relief this Court deems proper.

Dated: June 16, 2026

**CROSNER LEGAL, PC**

By: *__/s/ Raymond Wendell__*
Raymond Wendell (WSBA No. 64151)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
rwendell@crosnerlegal.com
Attorneys for Plaintiffs,
K'MISHA A. DIVENS and BRAYDEN REEVES